UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON WILLIAMS                               CIVIL ACTION

VERSUS                                         NO: 08-3750

AUTO CLUB FAMILY INSURANCE                     SECTION: "S" (1)
COMPANY

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Auto Club Family Insurance Company's motion for summary judgment is **GRANTED**. (Document #5.)

### I. BACKGROUND

Brandon Williams and Yacheka Brown filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against American Automobile Insurance Company. Williams and Brown amended the petition to substitute Auto Club Family Insurance Company (Auto Club) as the defendant, and the claim against American Automobile Insurance Company was dismissed. As a result of Hurricanes Katrina and Rita, they sought to recover for damages to two distinct properties covered by homeowners policies issued by Auto Club.

Auto Club removed the case to federal court (Civil Action 08-1718), and the court

severed the case into individual suits, each addressing one distinct property. Brandon Williams filed an amended complaint regarding the property at 3712 Sue Ker Drive, Harvey, Louisiana. Auto Club filed a motion for summary judgment.

## II. BACKGROUND

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### B. Settlement agreement

Auto Club contends that Williams' claims have been resolved and settled.[1] Auto Club argues that Williams' claims are barred by the doctrine of *res judicata* and should be dismissed.

La. Civ. Code art. 3071 provides:

A transaction or compromise is an agreement between two or more persons, who for preventing or putting an end to a lawsuit, adjust their differences by mutual

---

[1] The court does not address Auto Club's alternative argument that the claim has prescribed.

>consent, in the manner which they agree on, which every one of them prefers to the hope of gaining, balanced by the danger of losing."

"[A] compromise has the legal efficacy of a judgment, possessing 'a force equal to the authority of things adjudged.'" Brown v. Drillers, Inc., 630 So.2d 741, 747 (La. 1994). "[A] valid compromise can form the basis of a plea of *res judicata*." Id. The burden of proof is "on Defendants to establish the requisites for a valid compromise, including the parties' intent to settle the differences being asserted in the action in which it is interposed." Id. A compromise is a written contract, and the intent is determined from the four corners of the instrument. Id. at 748.

Auto Club supports its argument that a compromise of the claim has been reached with the affidavit of Jim Strike, the Director of Claims for Auto Club. Strike states that Auto Club inspected Williams' property on October 21, 2005, paid Williams in conformity with the estimates, and closed the file. Auto Club reopened the filed when it received a notice of mediation, pursuant to Louisiana Department of Insurance Hurricane Mediation Program, Emergency Rule 22. On February 27, 2007, before the case was removed to federal court, Craig Morice, a representative of Auto Club, and Copeland and Company, L.L.C.,Williams' representative, participated in a mediation of Williams' claim. The parties reached an agreement, and Auto Club paid Williams $7,635.05 on March 17, 2007. See exh. 3. The settlement agreement states as follows:

> It is hereby agreed by and between Brandon Williams, the homeowner

> presenting this claim and AAA,[2] the homeowner's insurance company as follows:
> 1. AAA, insurance company, shall pay to Brandon Williams, the homeowner, the sum of $7,635.05 dollars within 30 days.
> 2. This settlement amount is full, complete, and total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

Exh. 5.

Auto Club has met its initial burden of showing that there is no genuine issue for trial, and the burden shifts to Williams to identify an issue for trial. Williams, however, does not put forth an argument or evidence challenging Auto Club's contention and evidence that the parties entered a full settlement of the claim and released all claims against one another. Accordingly, there are no genuine issues of material fact, and Auto Club is entitled to judgment as a matter of law, dismissing the complaint.

New Orleans, Louisiana, this __9th__ day of February, 2009.

*[signature]*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2] The settlement agreement refers to Auto Club as "AAA," but there is no issue that the defendant involved in the agreement is Auto Cub. The claim number, HO802583, is the correct Auto Club claim number. Auto Club admits that it is the insurer and that it has made payment in connection with the claim. Williams corrected Auto Club's name on January 24, 2008, as follows: "Plaintiffs show that the defendant in this matter is commonly known as AAA Insurance; however, through inadvertence and typographical errors, the defendant should have been named as Auto Club Family Insurance for purpose of citation. Exh. 6.